United States Courts
Southern District of Texas
FILED

JAN 05 2026

Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**J.B. BLACK**, Plaintiff
P.O. Box 90114, Houston, TX 77290
Phone: 346-872-8427 I Email: jbblackj@yahoo.com

v.

**CITY OF HOUSTON; HARRIS COUNTY; SGT. L. SPIRES (Houston Police Department); DAVINA L. HORACE (Houston Police Department); SGT. FALKNER (Harris County Sheriff's Office – Prisoner Logistics Division); D. WRIGHT (Harris County Sheriff's Office – Prisoner Logistics Division); AARON BURDETTE (then–Harris County Assistant District Attorney); UNKNOWN HOUSTON POLICE DEPARTMENT OFFICERS/DETECTIVES (JOHN/JANE DOES 1–15); UNKNOWN HARRIS COUNTY SHERIFF'S OFFICE / PLD EMPLOYEES (JOHN/JANE DOES 16–30)**, Defendants.

Civil Action No. _____

# COMPLAINT FOR VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)
(Jury Trial Demanded)

## I. NATURE OF THE ACTION

This is a civil rights action under 42 U.S.C. § 1983 seeking damages and appropriate equitable relief for unconstitutional acts by state and local actors, including unlawful seizure/transfer/search/extraction and use of digital evidence, chain-of-custody/evidence-handling misconduct, and related due-process violations. Plaintiff files this action protectively to preserve limitations and evidence while postconviction proceedings are pursued, and requests a stay of any Heck-affected claims pending habeas review.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343. Venue is proper under 28 U.S.C. § 1391 because the events occurred in Harris County, Texas and Defendants reside and/or do business here.

## III. PARTIES

**Plaintiff:** J.B. BLACK, currently on parole, P.O. Box 90114, Houston, TX 77290.
**Sgt. L. Spires (HPD):** Peace officer recipient who received Plaintiff's cell phone from HCSO/PLD custody and is alleged to have opened/examined and/or used it for investigative purposes; sued individually.

**Davina L. Horace (HPD):** HPD officer involved in investigation/evidence development; sued individually for investigative misconduct (not prosecutorial functions).

**Sgt. Falkner (HCSO–PLD):** Approving supervisor for release/transfer of Plaintiff's property; sued individually for evidence-custody/chain-of-custody violations.

**D. Wright (HCSO–PLD):** PLD personnel involved in the property-room transaction/processing; sued individually.

**Aaron Burdette (then-ADA):** Sued only to the extent he acted outside the core advocacy function—e.g., as an investigator or supervisor directing warrantless searches or evidence acquisition/handling—rather than for courtroom advocacy, charging decisions, or other protected prosecutorial acts. Plaintiff pleads in the alternative and acknowledges absolute immunity may apply to advocacy conduct.

**City of Houston:** Municipal entity responsible for HPD policies, practices, and training (Monell).

**Harris County:** Local governmental entity responsible for HCSO/PLD policies, practices, and training (Monell).

**Doe Defendants:** Additional unknown HPD/HCSO personnel involved in seizure, digital extraction, evidence custody, concealment, and related misconduct.

## IV. FACTS (GENERAL ALLEGATIONS)

1. Plaintiff was prosecuted in Harris County (Cause No. 1629964, 174th District Court) and convicted after a jury trial.

2. Plaintiff alleges his cell phone and related digital data were seized, transferred, searched, and/or extracted without lawful authority and without constitutionally adequate procedures and safeguards.

3. Plaintiff alleges HCSO/PLD personnel (including Sgt. Falkner and D. Wright) released and/or transferred the phone from jail/property custody to HPD (including Sgt. Spires), enabling unconstitutional access and use.

4. Plaintiff alleges Sgt. Spires (and other HPD personnel) opened/examined the phone and/or participated in digital evidence collection despite lack of valid legal process (warrant/consent/exigency) and/or despite known constitutional defects.

5. Plaintiff alleges Aaron Burdette, acting in an investigative/supervisory capacity, directed and/or approved the unconstitutional acquisition and use of the phone evidence (to the extent proven in discovery).

6. **Indictment irregularities (background/preservation):** The indictment reflects a document prepared 04/30/2019 and filed 05/01/2019. Plaintiff contends that approximately six months later, on or about 10/17/2019 and 10/24/2019, the indictment was altered and initialed (including by the presiding judge and counsel) without Plaintiff's acknowledgement or waiver and without being returned to the grand jury. Plaintiff raises this chronology here as background and to support preservation of the original charging instrument and related clerk records. To the extent any claim based on the indictment would necessarily imply invalidity of the conviction, Plaintiff requests that such claim(s) be stayed pending resolution of Plaintiff's habeas proceedings.

7. Plaintiff continues to pursue postconviction relief and requests a stay of any Heck-affected claims pending his § 2254 petition.

## V. CLAIMS FOR RELIEF

**Count 1 – Fourth Amendment (Unreasonable Search/Seizure):** Defendants unlawfully seized, searched, and/or extracted digital data from Plaintiff's phone without lawful authority.

**Count 2 – Fourteenth Amendment (Due Process / Evidence Misuse):** Defendants fabricated, altered, mischaracterized, or knowingly used false or misleading evidence, or caused such evidence to be used, depriving Plaintiff of fair process.

**Count 3 – Fourteenth Amendment (Due Process / Suppression by Investigators):** Investigative personnel failed to disclose material information and/or impeded disclosure of exculpatory/impeachment evidence.

**Count 4 – Supervisory Liability (Individual Capacity):** To the extent proven, supervisory defendants directed, encouraged, or knowingly acquiesced in unconstitutional searches/evidence-handling, and failed to intervene despite awareness of violations.

**Count 5 – Municipal Liability (Monell) – City of Houston:** City policy/custom and/or failure to train/supervise HPD personnel was deliberately indifferent and a moving force behind the violations.

**Count 6 – Municipal Liability (Monell) – Harris County:** County policy/custom and/or failure to train/supervise HCSO/PLD personnel was deliberately indifferent and a moving force behind the violations.

## VI. HECK / STAY NOTICE AND PRESERVATION RELIEF

Plaintiff acknowledges some damages claims may be subject to Heck v. Humphrey depending on whether success would necessarily imply invalidity of the conviction. Plaintiff requests a stay of this action (or any Heck-affected claims) pending resolution of his § 2254 petition. Plaintiff further requests an evidence-preservation order (litigation hold) requiring Defendants to preserve all materials relating to the phone seizure/transfer, digital extraction reports, chain-of-custody logs, communications, and disciplinary/credibility records for involved personnel, as well as preservation of the original indictment instrument and clerk audit history to the extent maintained by governmental custodians.

## VII. PRAYER

Plaintiff requests compensatory damages, punitive damages against individual defendants where permitted, costs, appropriate equitable relief (including evidence preservation), and such other relief as the Court deems just. Plaintiff demands a jury trial.

Respectfully submitted,

*[signature]*

**J.B. BLACK**, Pro Se
P.O. Box 90114, Houston, TX 77290
Phone: 346-872-8427
Email: jbblackj@yahoo.com

## VERIFICATION / DECLARATION (28 U.S.C. § 1746)

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on ___January 5___, 20_26_, at Houston, Texas.

_____
J.B. Black

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

**J.B. BLACK**, Plaintiff
v.
**CITY OF HOUSTON, et al.**, Defendants

Civil Action No. _____

# MOTION TO PROCEED IN FORMA PAUPERIS

## 1. Relief Requested

Plaintiff moves to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 because he cannot pay the civil filing fee without undue hardship. Plaintiff requests that the Court grant IFP status and allow the case to proceed.

## 2. Financial Information

Plaintiff is currently on parole and has limited income and resources. If the Court requires a district-specific IFP form or additional documentation, Plaintiff requests leave to supplement promptly upon receipt of the required form or instructions.

## 3. Good-Faith Basis

This action is brought in good faith and is not frivolous. Plaintiff seeks to preserve claims and evidence while related postconviction proceedings are pending.

Respectfully submitted,

*/s/ J.B. Black*

**J.B. BLACK**, Pro Se
P.O. Box 90114, Houston, TX 77290
Phone: 346-872-8427
Email: jbblackj@yahoo.com

## PROPOSED ORDER

The Court has considered Plaintiff's Motion to Proceed In Forma Pauperis. The motion is GRANTED. Plaintiff may proceed without prepaying the filing fee.

SIGNED on _____, 20\_\_\_\_.

_____
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**J.B. BLACK**, Plaintiff
v.
**CITY OF HOUSTON, et al.**, Defendants

Civil Action No. _____

# MOTION TO STAY CIVIL ACTION PENDING HABEAS REVIEW

### 1. Requested Relief

Plaintiff respectfully moves for an order staying this § 1983 action (or, at minimum, staying all claims that could be affected by Heck v. Humphrey) while Plaintiff's postconviction proceedings are adjudicated.

### 2. Grounds

a. Plaintiff is currently pursuing postconviction relief challenging the constitutionality of his conviction.
b. Certain civil damages theories may overlap with issues implicated in the conviction, raising potential Heck concerns.
c. A stay promotes judicial economy, avoids inconsistent rulings, and preserves Plaintiff's claims against limitations prejudice.
d. Plaintiff files this action protectively to preserve claims and requests a stay rather than dismissal so he is not forced to refile and risk time-bar defenses after postconviction proceedings conclude.

### 3. Duration

Plaintiff requests that the stay remain in effect until final resolution of Plaintiff's pending habeas proceedings, or until further order of this Court.

Respectfully submitted,

*/s/ J.B. Black*

**J.B. BLACK**, Pro Se
P.O. Box 90114, Houston, TX 77290
Phone: 346-872-8427
Email: jbblackj@yahoo.com