**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

J.B. BLACK, Plaintiff
v.
CITY OF HOUSTON, et al., Defendants

Civil Action No. 4:26-CV-00039

United States Courts
Southern District of Texas
F I L E D

MAR 0 9 2026

Nathan Ochsner, Clerk of Court

**PLAINTIFF'S RULE 7(a) REPLY TO DEFENDANT BURDETTE'S IMMUNITY
DEFENSE**

Plaintiff J.B. Black files this Rule 7(a) Reply addressing Defendant Aaron Burdette's claim of prosecutorial immunity.

**I. PURPOSE OF RULE 7(a) REPLY**

The Fifth Circuit authorizes district courts to require a plaintiff to reply to an immunity defense with greater factual specificity. This reply clarifies Plaintiff's allegations concerning Defendant Burdette's investigative conduct related to the seizure and forensic examination of Plaintiff's cellular phone.

**II. SPECIFIC FACTUAL ALLEGATIONS**

1. Defendant Burdette participated in investigative actions relating to the acquisition and handling of Plaintiff's cellular phone evidence.
2. Defendant Burdette directed, approved, or supervised investigative conduct relating to the extraction and use of digital phone data.
3. The phone evidence was obtained and examined without lawful warrant authorization.
4. These actions occurred prior to trial and involved investigative functions normally performed by law enforcement officers.
5. Because Defendant Burdette acted in an investigative capacity, absolute prosecutorial immunity does not apply.

**III. LEGAL AUTHORITY**

Under *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993), prosecutors are not entitled to absolute immunity when performing investigative functions normally performed by police officers. Where a prosecutor directs or participates in evidence-gathering activities, such conduct falls outside protected advocacy functions.

**IV. CONCLUSION**

Plaintiff's allegations demonstrate that Defendant Burdette's actions were investigative in nature and therefore not protected by absolute prosecutorial immunity. Accordingly,

Defendant's immunity defense does not warrant dismissal of Plaintiff's claims at the pleading stage.


Respectfully submitted,

/s/ J.B. Black
J.B. Black
Pro Se Plaintiff
P.O. Box 90114
Houston, Texas 77290
Phone: 346-872-8427
Email: jbblackj@yahoo.com


## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Rule 7(a) Reply was served by United States Mail, first-class postage prepaid, on counsel for Defendant Aaron Burdette at the following address:

Meagan T. Scott
Assistant District Attorney
Harris County District Attorney's Office
1310 Prairie, 5th Floor
Houston, Texas 77002

Date: 03-09-2026

/s/ J.B. Black
J.B. Black