**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

United States Courts
Southern District of Texas
F I L E D

MAR 0 9 2026

Nathan Ochsner, Clerk of Court

J.B. BLACK, Plaintiff
v.
CITY OF HOUSTON, et al., Defendants

Civil Action No. 4:26█CV█00039

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT BURDETTE'S RULE
12(b)(6) MOTION TO DISMISS**

## I. INTRODUCTION

Plaintiff J.B. Black respectfully responds to Defendant Aaron Burdette's Motion to Dismiss. Defendant argues that the claims should be dismissed based on prosecutorial immunity, insufficient pleading, and the Heck doctrine. However, Plaintiff's Complaint alleges that Burdette acted outside traditional prosecutorial advocacy by directing or approving investigative actions relating to the seizure and forensic examination of Plaintiff's cellular phone. Such conduct falls outside the scope of absolute prosecutorial immunity under Buckley v. Fitzsimmons, 509 U.S. 259 (1993).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is improper where the complaint contains sufficient factual allegations to state a claim that is plausible on its face. Courts must accept the pleaded facts as true and construe pro se pleadings liberally in favor of the plaintiff.

## III. ARGUMENT

### A. Prosecutorial immunity does not apply to investigative conduct.

Prosecutors are not entitled to absolute immunity when performing investigative functions normally performed by police officers. Plaintiff alleges that Defendant Burdette directed or approved investigative actions involving the acquisition and use of digital evidence extracted from Plaintiff's phone prior to trial.

### B. Plaintiff sufficiently pleads personal involvement.

The Complaint identifies Defendant Burdette's participation in directing or approving the acquisition and use of Plaintiff's phone evidence and supervising its investigative use.

### C. Heck does not bar Fourth Amendment claims.

Fourth Amendment claims relating to unlawful searches do not necessarily invalidate a conviction and may proceed even when a criminal judgment exists.

**D. Eleventh Amendment immunity does not apply to individual capacity claims.**
Plaintiff's claims against Defendant Burdette include claims against him in his individual capacity, which are not barred by Eleventh Amendment immunity.

## IV. CONCLUSION AND PRAYER FOR RELIEF

For the foregoing reasons, Plaintiff respectfully requests that the Court deny Defendant Aaron Burdette's Motion to Dismiss in its entirety.

Plaintiff's Complaint plausibly alleges that Defendant Burdette participated in investigative conduct outside the scope of protected prosecutorial advocacy, including directing or approving the unconstitutional acquisition and use of Plaintiff's digital phone evidence. Such conduct is not entitled to absolute immunity under controlling Supreme Court precedent, including Buckley v. Fitzsimmons, 509 U.S. 259 (1993).

Furthermore, Plaintiff's Fourth Amendment claims concerning the unlawful seizure and forensic examination of his phone are not barred by Heck v. Humphrey, and Defendant's arguments rely on factual disputes that cannot be resolved at the pleading stage under Rule 12(b)(6).

At a minimum, if the Court determines that additional factual specificity is required, Plaintiff respectfully requests leave to amend the complaint pursuant to Federal Rule of Civil Procedure 15(a) so that the case may be resolved on its merits rather than on technical pleading grounds.

**WHEREFORE**, Plaintiff respectfully prays that the Court:
1. Deny Defendant Burdette's Motion to Dismiss;
2. Allow this action to proceed to discovery;
3. Grant Plaintiff leave to amend if the Court finds amendment necessary; and
4. Grant such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ J.B. Black
J.B. Black

Pro Se Plaintiff
P.O. Box 90114
Houston, Texas 77290
Phone: 346■872■8427
Email: jbblackj@yahoo.com


**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendant Burdette's Rule 12(b)(6) Motion to Dismiss was served on counsel for Defendant Aaron Burdette by United States Mail, first■class postage prepaid, on this 9th day of March , 2026, addressed as follows:

Meagan T. Scott
Assistant District Attorney
Harris County District Attorney's Office
1310 Prairie, 5th Floor
Houston, Texas 77002
Attorney for Defendant Aaron Burdette


/s/ J.B. Black
J.B. Black
Pro Se Plaintiff