IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States Courts
Southern District of Texas
FILED

MAR 2 7 2026

Nathan Ochsner, Clerk of Court

J.B. BLACK, Plaintiff

v.

CITY OF HOUSTON, et al., Defendants

Civil Action No. 4:26-CV-00039

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT BURDETTE'S
MOTION TO DISMISS FIRST AMENDED COMPLAINT**

## I. INTRODUCTION

Defendant's Motion should be denied because it improperly seeks dismissal based on disputed facts, misapplies prosecutorial immunity, and ignores well-pleaded allegations that Defendant engaged in investigative conduct involving the unlawful seizure and forensic examination of Plaintiff's phone.

## II. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Courts must accept all facts as true and construe them in the light most favorable to the plaintiff.

## III. ARGUMENT

### A. Investigative Conduct Defeats Absolute Immunity

Prosecutors are not entitled to absolute immunity when performing investigative functions. *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993). Plaintiff alleges Burdette directed or approved the acquisition and forensic analysis of phone data—conduct outside protected advocacy.

### B. Plaintiff States a Plausible Claim

Plaintiff alleges unlawful search and seizure of digital data, satisfying the plausibility standard. *Twombly*, 550 U.S. at 570; *Iqbal*, 556 U.S. at 678.

### C. Heck Does Not Bar Claims

Fourth Amendment claims may proceed independently of conviction validity. *Heck v. Humphrey*, 512 U.S. 477, 487 (1994); *Wallace v. Kato*, 549 U.S. 384, 393 (2007).

Houston, Texas 77002

Date: 03-27-2026

/s/ J.B. Black

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

J.B. BLACK, Plaintiff

v.

CITY OF HOUSTON, et al., Defendants

Civil Action No. 4:26-CV-00039

## TABLE OF AUTHORITIES

| Case | Citation |
|------|----------|
| Ashcroft v. Iqbal | 556 U.S. 662, 678 (2009) |
| Bell Atl. Corp. v. Twombly | 550 U.S. 544, 570 (2007) |
| Buckley v. Fitzsimmons | 509 U.S. 259, 273 (1993) |
| Heck v. Humphrey | 512 U.S. 477, 487 (1994) |
| Wallace v. Kato | 549 U.S. 384, 393 (2007) |
| Cousin v. Small | 325 F.3d 627, 632 (5th Cir. 2003) |